IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| BETTY JO DAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:06-0099 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Knowles |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Betty Jo Dailey's Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 16). Defendant has filed a Response in opposition (Doc. No. 19). Magistrate Judge Knowles has issued a Report and Recommendation ("Report") recommending that Plaintiff's Motion be denied and the decision of the Administrative Law Judge be affirmed (Doc. No. 23). Plaintiff filed timely Objections to the Report (Doc. No. 24). Also before the Court is Plaintiff's Motion to Ascertain Status ("Plaintiff's Status Motion") (Doc. No. 21) of Plaintiff's underlying Motion for Judgment on the Administrative Record. The Court **GRANTS** Plaintiff's Status Motion and upon review of the Magistrate Judge's Report and for the reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion.

I. BACKGROUND

*A. Procedural Background*

Betty Jo Dailey ("Plaintiff") filed the current application for Disability Insurance Benefits

("DIB") with the Social Security Administration ("SSA") on May 3, 2004. (Tr. 38). Plaintiff also protectively filed an application for Supplemental Security Income ("SSI") benefits with the SSA on April 8, 2004. (Tr. 19). The SSA initially denied Plaintiff's applications on January 28, 2005 (Tr. 38), and denied Plaintiff's request for reconsideration on June 29, 2005 (Tr. 40). Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") on September 1, 2005. (Tr. 36).

On January 9, 2006, the ALJ held a hearing at which Plaintiff, her attorney, her mother, and a vocational expert ("VE") appeared. (Tr. 547-99). In a decision dated March 16, 2006, the ALJ found that Plaintiff was not "disabled" within the meaning of the Social Security Act and was not entitled to a period of disability, disability insurance benefits, or supplemental security income. (Tr. 19-29). Plaintiff timely filed a request for review of the hearing decision on April 25, 2006. (Tr. 14). On October 18, 2006, the Appeals Council denied Plaintiff's request for review. (Tr. 7).

On December 20, 2006, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1). The Court has jurisdiction under 42 U.S.C. § 405(g). On Jnauary 28, 2009, Plaintiff filed a Motion to Ascertain Status. (Doc. No. 21). On February 26, 2009, Magistrate Judge Knowles recommended that Plaintiff's Motion be denied. (Doc. No. 23).

Plaintiff asserts two (2) objections to the Magistrate Judge's findings. (Doc. No. 24). Specifically, Plaintiff contends that (1) the ALJ improperly evaluated Plaintiff's mental impairments and (2) the ALJ improperly rejected Plaintiff's complaints of pain. (Id.). The Court discusses the merits of Plaintiff's objections in turn.

B. *Factual Background*

The Court adopts the background section of the Magistrate's Report (Doc. No. 23, at 2-4).

## II. STANDARD OF REVIEW

The Court's review of the portions of the Magistrate's Report to which Plaintiff objects is de novo. 28 U.S.C. § 636(b) (2008). This review, however, is limited to a determination of whether substantial evidence exists in the record to support the Commissioner of Social Security's decision and whether the Commissioner committed any legal errors in the process of reaching that decision. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Additionally, this Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1369 (6th Cir. 1991). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence shall be conclusive." 42 U.S.C. § 405(g) (2008). Accordingly, if the Commissioner adopts the ALJ's decision, the reviewing court will uphold the decision if it is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

For purposes of this review, "substantial evidence" is defined as "such evidence as a reasonable mind would accept as adequate to support the conclusion." Richardson v. Pereles, 402 U.S. 389, 401 (1979). "Substantial evidence" is further quantified as "more than a scintilla of evidence, but less than a preponderance." Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. V. N.L.R.B., 305 U.S. 197, 229 (1938)). This Court

may not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. Garner, 745 F.2d at 387. Even if the evidence would support a different conclusion or the reviewing court could resolve factual issues differently, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. Her v. Comm'r, 203 F.3d 388, 389 (6th Cir. 1999) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)); Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990).

### III. PLAINTIFF'S OBJECTIONS

*A. Plaintiff objects to the ALJ's evaluation of Plaintiff's mental impairments.*

Plaintiff asserts that the ALJ did not properly evaluate the severity of Plaintiff's mental impairments. (Doc. No. 24, at 1). In addition, Plaintiff argues that the ALJ's finding that Plaintiff has "no significant affective distress" is inconsistent with both treating providers' assessments and the opinion of the consultative psychologist. (Id.). Specifically, Plaintiff asserts that (1) the ALJ mischaracterized Plaintiff's records from Volunteer Behavioral Health Care System ("VBHCS") when the ALJ concluded that the "clinical exam revealed no significant affective distress," (2) the ALJ improperly rejected the opinion of Mr. Eugene Smith, the consultative psychologist, and (3) the ALJ erred in discounting the evidence from Plaintiff's treating mental health care providers and the consultative psychologist. (Id. at 2).

#### (1) Plaintiff's VBHCS records

Plaintiff's records indicate that VBHCS treated Plaintiff in December 2005 for depression and anxiety. (Tr. 452). The ALJ noted that "the clinical exam revealed no significant affective

-4-

distress" and that Plaintiff had only "moderate symptoms of depression." (Tr. 24). At this visit, a VBHCS social worker diagnosed Plaintiff with a mood disorder with depressive features. (Tr. 455). Even if a claimant has a medically determinable or diagnosable mental condition, the ALJ must nonetheless establish that such condition is severe enough to be disabling. Swann v. Chater, No. 95-1678, 1996 WL 408508, at *4 (6th Cir. July 19, 1996) (citing Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988)). The VBHCS assessment record indicates that Plaintiff's speech was "soft," affect was "flat," mood was "depressed," and concentration was "poor." (Tr. 454). However, Plaintiff had "no problem" with orientation, her thought content and flow were "normal" and "organized," and her memory, insight, judgment, and impulse rating were all "fair." (Id.) Three out of four of the areas on Plaintiff's Clinically Related Group Form indicated "moderate" limitations on functioning and one area, "adaptation to change," indicated "marked" limitations. (Tr. 448-49).

Thus, the Court finds that there is substantial evidence in the record to support the ALJ's characterization of Plaintiff's VBHCS visit as revealing "no significant affective distress" and showing only "moderate symptoms of depression." (Tr. 24).

(2)  Mr. Eugene Smith's opinion

Plaintiff also argues that the ALJ improperly rejected consultative psychologist Eugene Smith's opinion. (Doc. No. 24, at 2). On January 17, 2005, Mr. Smith examined Plaintiff and opined that she could not sustain focus and concentration and could not be expected to show up on time for a job or remain on the job. (Tr. 197). The ALJ specifically rejected Mr. Smith's conclusions in his report, stating they were inconsistent with Mr. Smith's findings during the examination and with Plaintiff's "conservative" mental health treatment. (Tr. 24).

The ALJ may reject the opinion of a consulting psychologist based upon the ALJ's interpretation of the psychological findings and lay evidence. See, e.g., Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 452-53 (6th Cir. 1989); Her v. Comm'r, 203 F.3d 388, 390-91 (6th Cir. 1999) (finding substantial evidence supporting an ALJ's rejection of the opinion of a consulting psychologist where that opinion was inconsistent with the absence of other evidence of mental illness, the absence of a recommendation for mental health treatment, and the testimony of a vocational expert).

In the instant case, the ALJ noted that, despite Mr. Smith's conclusion that Plaintiff would be unable to reliably show up to work on time, she arrived on time for Mr. Smith's consultative exams. (Tr. 24, 193). The ALJ also noted that Mr. Smith's opinion that Plaintiff could not sustain focus and concentration was inconsistent with his findings that she had an intact memory, could spell "world" backward, could perform complicated numerical exercises, had logical thought processes, had an average intellect, and was aware of current events. (Tr. 24, 196-97). The ALJ also found Mr. Smith's opinion inconsistent with Plaintiff's "conservative mental health treatment described in the record." (Tr. 24). The ALJ noted that the record mentioned only moderate symptoms of depression by Plaintiff's clinicians and treatment that consisted only of sporadic out-patient therapy and medication. (Tr. 23). Accordingly, there is substantial evidence in the record that supports the ALJ's rejection of Mr. Smith's conclusions of Plaintiff's abilities.

(3) Plaintiff's treating mental health care provider and consultative psychologist

Finally, Plaintiff contends that the ALJ erred in "discounting" the evidence from

Plaintiff's treating mental health care provider and the consultative psychologist. As discussed above, there is substantial evidence to support the ALJ's rejection of the consultative psychologist, Mr. Eugene Smith's findings. Additionally, there is no indication that the ALJ "discounted" the treating mental health care provider's findings; rather, the ALJ considered them and concluded that they were not demonstrative of a disabling mental condition.

Plaintiff received treatment from LifeCare Family Services ("LifeCare") from October 2003 through June 2004 for depression. (Tr. 154-80). Plaintiff was treated with medication and out-patient therapy. (Id.). On several home visits, Plaintiff noted an ability to maintain activity despite her reported depression and anxiety. (Tr. 163-70). Specifically, Plaintiff helped her son load wood, helped around the house, visited with family and friends outside of her home, purchased a horse in exchange for a desk, rode that horse one day, and held and organized an annual horse ride event. (Id.). LifeCare eventually dismissed Plaintiff from their case management program for noncompliance due to Plaintiff's repeated absence during home visits. (Tr. 154-56, 159-60, 166, 171-73). Based on these facts, the ALJ's determination that Plaintiff has "no significant affective distress" is consistent with both the findings of the treating health care provider and the observations of the consultative psychologist.

Thus, contrary to Plaintiff's argument, there is substantial evidence in the record that supports the ALJ's finding that, while Plaintiff suffered from depression, her condition was not disabling.

    B.    *Plaintiff objects to the ALJ's rejection of Plaintiff's complaints of pain.*

Plaintiff contends that the ALJ erred in rejecting Plaintiff's complaints of pain. In

support, Plaintiff asserts that her treating physician's assessment supports her complaints of pain. Plaintiff's treating physician, Dr. Beaty, opined in his assessment on May 13, 2006, that Plaintiff's pain would constantly interfere with her ability to remain attentive and concentrate, but it would not interfere with her ability to walk or stand. (Tr. 531-532). Regardless, Dr. Beaty found that Plaintiff was capable of low stress jobs. (Id.). This evidence does not support Plaintiff's contention that the assessment indicates she is unable to perform substantial gainful activity. (Doc. No. 24, at 3). Instead, it supports the finding that she is able to perform substantial gainful activity.

Additionally, the ALJ did not reject Plaintiff's subjective complains of pain entirely, but rather doubted the "intensity, duration, and limiting effective of these symptoms." (Tr. 27). The ALJ may discredit a claimant's allegations if the ALJ's personal observations and the objective medical evidence contradict the claimant's subjective allegations. Moon v. Sullivant, 923 F.2d 1175, 1182-83 (6th Cir. 1990). It is for the Commissioner and the ALJ, as fact finders, to make determinations of the credibility of witnesses and to weigh and evaluate their testimony. Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 536 (6th Cir. 2000) (citing Myers v. Richardson, 471 F.2d 1265, 1267 (6th Cir. 1972)).

The ALJ noted several discrepancies between Plaintiff's subjective allegations of pain on the one hand and the medical record as well as the ALJ's own observations on the other. Plaintiff stated at the January 9, 2006 hearing that she had not worked or volunteered since June 2002, but after the ALJ probed, Plaintiff admitted that she did some volunteer work for the rescue squad around the time of her February 2005 assessment with Dr. Beaty. (Tr. 555-57). Plaintiff also told LifeCare that she held an annual horse ride and barbeque at her home for

several members of the community (Tr. 158), but testified at the administrative hearing that her cousin organized the ride and that Plaintiff only attended the barbeque. (Tr. 558). Plaintiff also testified that she was unable to walk "even a block" due to pain, but the ALJ stated on the record that he observed Plaintiff before the hearing, walking roughly that same distance without any signs of discomfort. (Tr. 564-66). Specifically, the ALJ noted he observed Plaintiff talking, drinking a soda, smoking a cigarette, and stepping down and back up on the curb without any difficulty. (Tr. 566). Given these facts, there is substantial evidence in the record to support the ALJ's analysis of Plaintiff's subjective allegations.

**IV. CONCLUSION**

The Court does not find merit in Plaintiff's objections because there is substantial evidence in the record to support the ALJ's decision that Plaintiff is not disabled under 42 U.S.C. § 423(d)(1)(A). Therefore, Plaintiff's Status Motion is **GRANTED** and Plaintiff's Motion is **DENIED** and the Court **ADOPTS** the Magistrate Judge's Report in its entirety. This Order terminates this Court's jurisdiction over this action and the case is **DISMISSED**.

It is so ORDERED.

Entered this the ____9____ day of June, 2009.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Case 2:06-cv-00099   Document 25   Filed 07/09/09   Page 9 of 9 PageID #: 89